1  **SARA M. PELOQUIN**
   California Bar No. 245956
2  **JOHN C. ELLIS, JR.**
   California Bar No. 228083
3  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
4  San Diego, California 92101-5008
   Telephone: (619) 234-8467
5  sara_peloquin@fd.org, john_ellis@fd.org

6  Attorneys for The Accused

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LEO S. PAPAS)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08MJ2266-LSP |
| Plaintiff, | ) ) ) | Date: August 7, 2008<br>Time: 9:30 a.m. |
| v. | ) ) | **NOTICE OF MOTION AND** |
| THE PERSON CHARGED AS<br>EUGENE GEORGE WARNER | ) ) ) | **MOTIONS TO**<br>**1) COMPEL DISCOVERY**<br>**2) PRESENT EVIDENCE TO REBUT** |
| | ) ) | **PROBABLE CAUSE** |
| Defendant. | **)**<br>**)** | |

TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY; AND,
       GEORGE MANAHAN, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that as soon as counsel may be heard, The person charged as Eugene George Warner, by and through counsel, Sara M. Peloquin, and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the motion listed below.

//
//
//
//
//
//
//

**MOTIONS**

The person charged as Eugene George Warner, by and through his attorneys, Sara M. Peloquin, and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order to:

1) Compel Discovery

2) Present Evidence to Rebut Probable Cause

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

Dated:   August 6, 2008

*/s/ Sara M. Peloquin*
**SARA M. PELOQUIN**
**JOHN C. ELLIS, JR.**
Federal Defenders of San Diego, Inc.
Attorneys for the accused.

08MJ2266-LSP

2

1  **SARA M. PELOQUIN**
   California Bar No. 245945
2  **JOHN C. ELLIS, JR.**
   California Bar No.228083
3  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
4  San Diego, California  92101-5008
   Telephone:  (619) 234-8467, ext.3716
5  sara_peloquin@fd.org, john_ellis@fd.org

6  Attorneys for the accused

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10                             **(HONORABLE LEO S. PAPAS)**

11 | UNITED STATES OF AMERICA,            ) Case No. 08MJ2266-LSP
                                          )
12 |           Plaintiff,                 ) **STATEMENT OF FACTS AND**
                                          ) **POINTS AND AUTHORITIES**
13 | v.                                   ) **IN SUPPORT OF**
                                          ) **THE ACCUSED'S MOTIONS**
14 | THE PERSON CHARGED AS                )
     EUGENE GEORGE WARNER,                )
15 |                                      )
             Defendant.                   )
16 |                                      )

17                                        **I.**

18                                **STATEMENT OF FACTS**

19         The accused in this case was arrested on July 24, 2008, on a warrant issued out of the District of

20  Alaska.  The warrant commands the arrest of Eugene George Warner to answer an indictment charging tax

21  evasion, attempt to interfere with the administration of internal revenue law, false tax returns, bankruptcy

22  fraud and mail fraud.  On July 25, 2008, the accused appeared before this Court.  The Court scheduled a

23  hearing for August 7, 2008, to determine whether the accused is the person named in the out-of-district

24  warrant and indictment

25                                        **II.**

26                              **MOTION TO COMPEL DISCOVERY**

27         The accused is entitled to discovery of all evidence that will be presented by the government at his

28  identification/removal hearing, including: 1) production of the statements from all witnesses, 2) production

of statements from either "Eugene Warner" or the accused, 3) production of any photographs of "Eugene Warner" or the accused, 4) a complete criminal history of "Eugene Warner", 5) production of all relevant reports of investigation, 6) production of all personal property seized from the accused, both at the time of arrest, and pursuant to any search warrants, and 7) the production of all <u>Brady</u> material, evidence of innocence, and <u>Jencks</u> material.

      (1) <u>Production of Witness Statements</u>. The government must disclose to the accused <u>all</u> copies of any written or recorded statements made by all witnesses; the substance of any statements made by witnesses which the government intends to offer in evidence at the removal hearing. Fed. R. Crim. P. 26.2.

      (2) <u>Production of Statements by either "Eugene Warner" or the accused</u>. The government must disclose to the accused <u>all</u> copies of any written or recorded statements made by him; the substance of any statements made by either "Eugene Warner" or the accused, which the government intends to offer in evidence at the removal hearing; <u>see id.</u>, any response by either "Eugene Warner" or the accused to interrogation; the substance of any oral statements which the government intends to introduce at the hearing and any written summaries of these oral statements contained in the handwritten notes of the government agent; any response to any <u>Miranda</u> warnings which may have been given; as well as any other statements by either "Eugene Warner" or the accused. Fed. R. Crim. P. 16(a)(1)(A) and (B)[1].

      (3) <u>Photographs of "Eugene Warner" or the accused</u>. The accused requests disclosure of photographs of "Eugene Warner" and the accused...

      (4) <u>"Eugene Warner's" Prior Record</u>. The accused requests disclosure of "Eugene Warner's" prior record. Fed. R. Crim. P. 16(a)(1)(D).

      (5) <u>Reports of Investigation</u>. The accused also specifically requests that the government turn over all arrest reports, notes and reports of investigation records not already produced that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts, referral slips, or other documents in which statements of the accused

---

[1] Of course, any of the accused's statements, which are exculpatory, must be produced, as well. <u>See</u> <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland. The government must produce arrest reports, investigators' notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to the defendant. See Fed. R. Crim. P. 16(a)(1)(B) and (C), 26.2 and 12(I); United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (original notes with suspect or witness must be preserved); see also United States v. Anderson, 813 F.2d 1450, 1458 (9th Cir. 1987) (reaffirming Harris' holding).

(6) Evidence Seized. The accused requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(E).

(7) Brady Material. The accused requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of identity or probable cause and/or which affects the credibility of the government's case. Kyles v. Whitley, 514 U.S. 419 (1995). Under Brady, Kyles and their progeny, impeachment, as well as exculpatory evidence, falls within the definition of evidence favorable to the accused. See also United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976). This includes information obtained from other investigations which exculpates the accused.

### III.

### MOTION TO PRESENT EVIDENCE TO REBUT PROBABLE CAUSE

An indictment is only prima facie evidence of a showing of probable cause. Johnson v. Hotchkiss, 35 F.2d 914 (9th Cir. 1929). The indictment fulfills two constitutional imperatives, the Fifth Amendment's due process requirement and the probable cause requirement of the Fourth Amendment. United States ex rel. Kassin v. Mullligan, 295 U.S. 396. However, the accused is entitled to present affirmative evidence to overcome any presumption of the existence of probable cause arising from the indictment, failure to admit such evidence is reversible error. Johnson v. Hotchkiss, 35 F.2d 914; Kassin v. Mulligan, 295 U.S. 396, at 401 (1935). United States ex rel. Nourse v. White, 11 F.2d 843 (7th Cir. 1926); Bullard v. Day, 53 F.2d 206 (9th. Cir 1931); Meehan v. United States, 11 F.2d 847 (6th Cir. 1926). Removal must be denied where the affirmative proof offered by the accused showing a lack of probable cause goes unrebutted except by the indictment. Bullard v. Day, 53 F.2d 206 (9th Cir. 1931).

1     "Arbitrary of capricious appraisal of evidence or disregard indubitably established is in legal effect failure to consider, the equivalent of the exclusion that we have condemned, and denial of the right to be heard before removal". Kassin, 295 U.S. at 402.

    In Johnson v. Hotchkiss, the individual who was the subject of the removal proceeding, offered evidence that he had not been present in the district from which the indictment issued for more than a year prior to the issuance of the indictment and that he did not know any of the other persons named in the indictment. 35 F.2d 914, at 915. The accused also offered evidence of his good character. Id. The Ninth Circuit reversed and remanded for the release of the accused holding that the evidence presented was sufficient to overcome any presumption of probable cause arising from the indictment. Id., at 916.

    In United States ex. rel Nourse v. White, the Ninth Circuit reversed the order of removal where the individuals that were the subject of the out-of-district indictment were prevented by the District Court from presenting evidence to challenge probable cause. 11 F.2d 843, at 845.

### IV.
### CONCLUSION

For the foregoing reasons, The accused respectfully requests that the Court grant the above motions.

Respectfully submitted,

Dated: August 6, 2008            */s/ Sara M. Peloquin*
                                     **SARA M. PELOQUIN**
                                     **JOHN C. ELLIS, JR.**
                                     Federal Defenders of San Diego, Inc.
                                     Attorneys for the accused

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08MJ2266-LSP |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| THE PERSON CHARGED AS | ) | |
| EUGENE GEORGE WARNER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Counsel for Defendant certifies that the foregoing pleading, is true and accurate to the best of her information and belief, and that a copy of the foregoing has been electronically served this day upon:

George Manahan, Assistant United States Attorney
880 Front Street
San Diego, CA  92101

Dated:  August 6, 2008                                  */s/ Sara M. Peloquin*
                                                        **SARA M. PELOQUIN**
                                                        Federal Defenders
                                                        225 Broadway, Suite 900
                                                        San Diego, CA 92101-5030
                                                        (619) 234-8467  (tel)
                                                        (619) 687-2666  (fax)
                                                        Email: sara_peloquin@fd.org