KAREN P. HEWITT
United States Attorney
GEORGE V. MANAHAN
Assistant U.S. Attorney
California State Bar No. 239130
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: 619 557-7174 (Office); 557-5551 (Fax)
Email: george.manahan@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08-mj-2266-LSP |
| Plaintiff, | |
| v. | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY AND PRESENT EVIDENCE TO REBUT PROBABLE CAUSE |
| EUGENE G. WARNER, | |
| Defendant. | |

NOW COMES plaintiff United States of America, by and through its counsel, United States Attorney Karen P. Hewitt and Assistant United States Attorney George V. Manahan, and hereby files the following Response in Opposition to Defendant's Motion to Compel Discovery and Present Evidence to Rebut Probable Cause. This memorandum is based on the case docket and this memorandum of points and authorities.

**I**

**ARGUMENT**

**A.   Defendant is Not Entitled To The Broad Discovery He Seeks**

As an initial matter, Defendant has improperly set this motion to this Court. Local Criminal Rule 16.1 clearly and unequivocally states that "[a]ll criminal discovery motions shall be made to the

assigned district court judge." See Local Criminal Rule 16.1. Therefore the Court should not entertain Defendant's motion to compel discovery.

Furthermore, Defendant possesses no right to the extensive pre-trial discovery he seeks because the requested discovery is mandated only in connection with preparation for trial, not for an identity hearing held pursuant to Federal Rule of Criminal Procedure 5(c)(3)(d). The government's burden under 5(c)(3)(D) is simply to produce the out of district warrant, a certified copy of the warrant, or a reliable electronic form of either, and to show adequate proof that the defendant is the person named in the indictment, information, or warrant. See Fed. R. Crim. P. 5(c)(3)(D); United States v. Johnson, 45 F.R.D. 427, 428 (D. Nev. 1968) (addressing the similar procedure mandated by former Rule 40). The goal of this proceeding is to avoid delay in bringing the arrestee to trial while guarding against an improvident removal by requiring the United States to show sufficient grounds to justify the removal. See United States v. Green, 499 F.2d 538, 540 (D.C. Cir. 1974).

Federal Rule of Criminal Procedure 16, however, clearly applies to discovery for trial. See United States v. Ausman, 202 F.3d 279, 1999 WL 1054664, at *1 (9th Cir. 1999) (unpublished) (affirming district court's conclusion that defendant "was not entitled to discovery under Fed. R. Crim. P. 16 because Rule 16 provides for disclosure of certain information only at the trial stage.") (emphasis added). Likewise, discovery of Jencks material at this time would be improper because the Jencks statements of government witnesses are not discoverable "until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500 (emphasis added); see also United States v. Evans, 62 F.3d 1233, 1237-1238 (9th Cir. 1995) (listing the differences between Rule 40 proceedings and a trial). Furthermore, Federal Rule of Criminal Procedure 26.2 does not apply to removal hearings. Subsection (g) of Rule 26.2 explicitly and narrowly sets forth the circumstances in which such discovery will apply:

> This rule applies at trial, at a suppression hearing under Rule 12, and to the extent specified in the following rules: (1) Rule 5.1(h) (preliminary hearing); (2) Rule 32(i)(2) (sentencing); (3) Rule 32.1(e) (hearing to revoke or modify probation or supervised release); (4) Rule 46(j) (detention hearing); and (5) Rule 8 of the Rules Governing Proceedings under 28 U.S.C. § 2255.

Fed. R. Crim. P. 26.2(g).

Similarly, Defendant is not entitled to Brady material in association with this Rule 5(c)(3)(D) hearing since such a hearing has no connection with the merits of the case, which should be properly resolved in the District of Alaska. After all, the failure to disclose Brady material "amounts to a constitutional violation only if it deprives the defendant of a fair trial." United States v. Bagley, 473 U.S. 667, 678 (1985); see also LaMere v. Risley, 827 F.2d 622, 625 (9th Cir. 1987) ("Brady does not impose a general requirement of pretrial disclosure of exculpatory material. Due process, it is said, requires only that disclosure of exculpatory material be made in sufficient time to permit defendant to make effective use of that material.")

"[E]xperience has shown that removal proceedings have at times been used by defendants for dilatory purposes and in attempting to frustrate prosecution by preventing or postponing transportation." Green, 499 F.2d at 540 n.9 (citing Original Advisory Committee Note 2 to Fed. R. Crim. P. 40). Requiring the United States to discover all of the materials Defendant requests at this early hearing, which is designed simply to establish whether Defendant is the person named in the warrant, would frustrate justice by unnecessarily delaying a trial on the merits of the crimes of which Defendant is accused. Accordingly, the Court should deny Defendant's request for Brady material and other forms of pre-trial discovery without prejudice to Defendant's right to request such material in the District of Alaska where he may face the charges in the indictment against him.

**B.     Defendant is not Entitled to Present Evidence to Rebut the Indictment Against Him**

Defendant's motion to present evidence to rebut the finding of probable cause in the indictment against him which underlies the warrant for his removal must also be denied. "[I]f prosecution of a warrant of removal is by indictment, the indictment itself serves as conclusive proof of probable cause." Miller v. United States, 396 F.2d 492, 497 n.2 (8th Cir. 1968); see also Green, 499 F.2d at 540 (concluding that when an indictment underlies an out-of-district warrant, probable cause is established beyond purview of judicial review and, on proceeding for removal from district of arrest to district of indictment, the only issue is the identity of the arrestee as the indictee); United States v. Winston, 267 F.Supp. 555, 559-60 (S.D.N.Y. 1967) (citing Moore's Federal Practice and the Advisory Committee Notes to former Federal Rule of Criminal Procedure 40 for the proposition that since the action of the grand jury is not subject to review by a district judge in the district in

1 | which the grand jury sits, it is illogical to permit such review collaterally in a removal proceeding by
2 | a judge in another district). Accordingly, the Court should deny Defendant's motion to present
3 | evidence regarding probable cause.

## II

## CONCLUSION

For the reasons discussed, the United States respectfully recommends that the Court deny Defendant's motion to compel discovery and present evidence to rebut probable cause.

DATED: August 6, 2008                              Respectfully submitted,

Karen P. Hewitt
United States Attorney

s/ *George V. Manahan*
GEORGE V. MANAHAN
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08-mj-2266-LSP |
| Plaintiff, ) | |
| ) | **CERTIFICATE OF SERVICE** |
| v. ) | |
| ) | |
| EUGENE G. WARNER, ) | |
| Defendant. ) | |

IT IS HEREBY CERTIFIED THAT:

I, George Manahan, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY AND PRESENT EVIDENCE TO REBUT PROBABLE CAUSE on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Sara Marie Peloquin
   Federal Defenders of San Diego
   225 Broadway
   Suite 900
   San Diego, CA 92101
   Email: sara_peloquin@fd.org
   Attorney for Defendant

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 6, 2008.

s/ *George V. Manahan*
GEORGE V. MANAHAN